The bill of complaint was filed by the complainant to compel the defendants to account for moneys alleged to have been stolen by the defendant James Fiaccavento and used by him to purchase a parcel of real estate in Brooklyn.
Complainant resided in Lyndhurst, Bergen County, in a one-family house owned by her. She claimed that she had saved from insurance and compensation received after her husband's death and from the earnings of her six children, $4,500. This money was claimed to have been kept by her in a tin coffee can in her trunk in her bedroom. She testified that sometime in the month of January, 1940, James Fiaccavento offered to make some repairs on her building and as a result she paid him $200 on account of the work which he had agreed to do. At the time of said payment she took the said defendant to her bedroom, opened the trunk and tin can, *Page 218 
counted the $4,500 and handed him $200 of it. On or about April 29th, 1940, she testified that James Fiaccavento took her to visit her cousin in Kearny, New Jersey, at which time he agreed to return and take her to the hospital to see one of her daughters. She said that he did not return at the time agreed upon and that half an hour afterward she went to look for him at his home and found the premises vacant. She then went to her bedroom and discovered that her money and some articles of jewelry were missing. She looked for him for a number of weeks and did not see him again until June when she met him at her cousin's home in Kearny. She accused him of stealing the money and then says that he took her to New York to get the money from the bank. They made another trip to New York she claims, for the same purpose but did not obtain the money. She then says that she went to the police station sometime about August 1st and reported the loss of the money to the police sergeant but not the loss of the jewelry. She explained her delay in making the complaint against him because he was related to her in some way. The police arrested the defendant James Fiaccavento and found in his car the jewelry. Fiaccavento at first stated that the jewelry was his wife's but afterward said that it had been put in his pocket by the complainant.
There is no testimony that the defendant James Fiaccavento ever entered complainant's house after complainant paid him the $200. The entire charge relative to the money is denied by the defendant James Fiaccavento. He admits that he purchased the property in question and also admits that the complainant visited him on two different occasions while he was living in Brooklyn and separated from his wife, the other defendant. Fiaccavento and his wife and son all testified that the money with which he purchased the property in question was from funds which he and his family had saved. Mrs. Fiaccavento testified that she and her husband were estranged by reason of James Fiaccavento's friendliness with the complainant.
It seems to me there is a strong inference in the testimony that such a relationship existed although the details thereof *Page 219 
were not brought out at the hearing. It seems to me that the complainant endeavored to induce James Fiaccavento to leave his wife and live with her. This may account for the possession of the jewelry by Fiaccavento. James Fiaccavento and his wife became reconciled about the time that complainant made her charge against him. I am more inclined to believe the story of the defendants than that of the complainant and her witnesses.
I have reached the conclusion, after considering all the evidence, that the complainant has not sustained the necessary burden of proof which would establish that the money was stolen by James Fiaccavento or that it was the money of complainant which was used to purchase the house in Brooklyn. Therefore, the bill of complaint is dismissed. *Page 220